UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MONTEZ KENNEDY,

        Plaintiff,

v.

DAVID BERGH, et al.,

        Defendants.
                                 /

File No. 2:07-CV-194

HON. ROBERT HOLMES BELL

**O P I N I O N**

On November 14, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Montez Kennedy's *pro se* civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. (Dkt. No. 5.) Plaintiff filed objections to the R&R on December 19, 2007. (Dkt. No. 8.) Plaintiff contends that he has adequately stated claims for equal protection, retaliation, and substantive due process.

This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In reviewing a recommendation that a complaint be dismissed for failure to state a

claim, the Court is mindful that "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). To the contrary, all the Rules require is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.* There is no heightened pleading standard for civil rights claims made pursuant to § 1983. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 165-68 (1993). Nevertheless, although the standard of notice pleading under Rule 8 is liberal, "'conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (quoting *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)). Fair notice requires "either direct or inferential allegations respecting all the material elements to sustain a recovery." *In re Commonwealth Institutional Sec., Inc.*, 394 F.3d 401, 405-06 (6th Cir. 2005) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

**A. Equal Protection**

The Magistrate Judge recommended that Plaintiff's equal protection claim be

dismissed because his allegation that he was treated differently than other prisoners are wholly conclusory. Plaintiff contends that the Magistrate Judge misconstrued his equal protection claim. According to Plaintiff, he never intended to state a claim of equal protection based upon the denial of meaningful segregation reviews. Instead, his claim is that he and other segregation prisoners did not receive the same review of their segregation placement as similarly situated segregation prisoners. (Pl.'s Obj. 2.) Even as restated Plaintiff's equal protection claim is conclusory and fails to give Defendants fair notice of the claim. Plaintiff has not identified who was treated differently or how they were treated differently. The Court agrees with the Magistrate Judge that Plaintiff has failed to state claim for denial of equal protection, and that this claim must be dismissed.

**B. Retaliation**

The elements of a First Amendment retaliation claim are (1) that the plaintiff engaged in protected conduct; (2) that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The Magistrate Judge recommended that Plaintiff's retaliation claim be dismissed because although Plaintiff adequately alleged that he was engaged in constitutionally protected conduct, he failed to allege any facts to support his speculative conclusion that Defendants' conduct was motivated by a desire to retaliate against him. (R&R 4-5.) Plaintiff objects to the recommendation because he contends that

3

his allegations are neither speculative nor conclusory.

Plaintiff alleges in his complaint that Defendants retaliated against him for filing complaints and grievances by filing fabricated and pro forma reviews of Plaintiff's segregation placement and retaliatorily continuing Plaintiff in segregation due to Plaintiff's complaint filing. Plaintiff has not alleged and the Court cannot determine from the face of the complaint what the "intentionally incorrect information" was or whether the allegedly false information was material to the decision to continue Plaintiff in administrative segregation. Plaintiff's allegations tend to be a repetitive and formulaic recitation of the elements of a retaliation claim. The Supreme Court held in *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955 (2007), that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. However, two weeks after *Twombley* the Supreme Court held in a prisoner action that in order to meet the requirements of Rule 8(a)(2), "[s]pecific facts are not necessary." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). A prisoner's pleadings are sufficient if they give the defendant fair notice of what the claim is and the grounds upon which it rests. *Id.*

Plaintiff's complaint unquestionably gives fair notice of the first two elements of his retaliation claim. Plaintiff has identified by date the numerous complaints and grievances he filed. Plaintiff has alleged that the adverse action taken against him was the intentional insertion of incorrect information in his segregation review forms (CSJ-283s) together with

4

the recommendation that he be continued in segregation. (Compl. ¶¶ 6, 9, 12, 16, 20, 24, 28, 30, 48, 53, 61, 67.) Plaintiff has alleged that his CSJ-283s contained retaliatory evaluations as a result of Plaintiff's filing of complaints. (Compl. ¶¶ 49, 58, 69, 74, 75.) Plaintiff has alleged that Defendant Salo is responsible for generating the CSJ-283s for each Cedar Unit segregation prisoner, including Plaintiff. (Compl. ¶ 72.) Plaintiff has alleged that Defendants Rutter and Rapelje were responsible for conducting the segregation reviews, that they instructed others to make retaliatory fabricated evaluations, that they made their own retaliatory fabricated evaluations, and that they continued Plaintiff in segregation as a result of his complaint filing. (Compl. ¶¶ 77-85.) Plaintiff has alleged that he filed a grievance against Defendant Semasky and that Semasky denied him a release to general population based solely on his filing of the grievance. (Compl. ¶¶ 86-90.)

Plaintiff's complaint is far from a model of clarity. However, upon review of the complaint as a whole, the Court concludes that Plaintiff has alleged all the material elements of a retaliation claim against Defendants Salo, Rutter, Rapelje, and Semasky, and that the allegations are sufficient to give these Defendants fair notice of what his claim against them is and the grounds upon which it rests.

On the other hand, with respect to Defendant Bergh, Plaintiff has merely alleged that he appealed his administrative grievances to Defendant Bergh and that Defendant Bergh ignored and condoned the fabricated and pro forma evaluations. (Compl. ¶¶ 91-99, 116-19.) "Liability under § 1983 must be based on active unconstitutional behavior and cannot be

5

based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Plaintiff's allegations against Defendant Bergh are based on his failure to act rather than on his own unconstitutional behavior. These allegations are not sufficient to state a retaliation claim against Defendant Bergh. *See Shehee*, 199 F.3d at 300 (allegation that the defendants merely denied administrative grievances and failed to remedy the alleged retaliatory behavior was not sufficient to state a constitutional violation). The retaliation claim against Defendant Bergh will accordingly be dismissed.

### C. Substantive Due Process

The Magistrate Judge recommended dismissal of Plaintiff's substantive due process claim based upon his determination that Plaintiff's allegations failed to meet the formidable "shocks the conscience" standard. (R&R 5, citing *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995)). Plaintiff contends that his allegation that one of the motivating factors behind Defendants' conduct was "reprisal for his complaint filing" is sufficient to meet the "shocks the conscience" standard. (Pl.'s Obj. 12.)

It is well settled that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing' these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

6

Plaintiff's allegations of reprisal for his complaint filing are subsumed within the more particularized First Amendment protections against retaliation. Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's substantive due process claim is subject to dismissal.

For the reasons stated herein, the Court adopts the R&R to the extent it recommends dismissal of Plaintiff's equal protection and substantive due process claims against all Defendants and dismissal of Plaintiff's retaliation claim against Defendant Bergh. The Court rejects the R&R to the extent it recommends dismissal of Plaintiff's retaliation claim against Defendants Salo, Rutter, Rapelje, and Semasky.

An order consistent with this opinion will be entered.


Dated: August 12, 2008              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE