UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MONTEZ KENNEDY,

    Plaintiff,

v.                                            Case No. 2:07-cv-194
                                            HON. ROBERT HOLMES BELL

DAVID BERGH, et al.,

    Defendants.

_____/

**OPINION**

        Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On November 17, 2008, defendants Rutter and Semasky filed a motion for summary judgment. On November 25, 2008, this Court issued an order requiring plaintiff to file a response to defendants' motion by December 29, 2008. Plaintiff was warned that failure to file a response would result in dismissal of the complaint for failure to prosecute. On November 25, 2008, plaintiff filed a motion to hold motion for summary judgment in abeyance. Plaintiff maintained that he did not have a copy of his complaint and was therefore unable to file a response to defendants' motion. Plaintiff's motion to hold motion for summary judgment in abeyance was denied. However, plaintiff was provided a copy of his complaint and was granted an enlargement of time until January 5, 2009, to file a response to defendants' motion.

        On December 11, 2008, defendants Rapelje and Salo filed a motion for summary judgment. On December 16, 2008, this Court issued an order requiring plaintiff to file a response to defendants' motion by January 16, 2009. Plaintiff was again warned that failure to file a response

would result in dismissal of the complaint for failure to prosecute. On December 31, 2008, plaintiff filed a motion for an enlargement of time to file a response to both motions for summary judgment. Plaintiff's motion was granted and plaintiff was provided until March 5, 2009, to file a response. Plaintiff was warned that no further extensions would be granted. Plaintiff filed an appeal of this order to the district judge. On January 30, 2009, the order of the magistrate judge was affirmed and plaintiff was ordered to file a response to defendants' motions by March 5, 2009. On February 27, 2009, plaintiff filed a motion to hold defendants' summary judgment motions in abeyance. On March 12, 2009, plaintiff's motion was denied. Plaintiff was provided with an additional enlargement of time until April 13, 2009, to file a response. Plaintiff was advised that failure to file a response would result in dismissal of his case for failure to prosecute. Plaintiff again filed an appeal to the district judge. On April 6, 2009, the order of the magistrate judge was affirmed.

      Plaintiff has failed to file a response to defendants' motions for summary judgment as ordered by this Court. Defendants have filed a motion to dismiss for failure to prosecute. This Court has been generous in providing plaintiff time to file a response to defendants' motions. However, plaintiff has continuously failed to follow the orders of this Court. Dismissal for failure to prosecute is appropriate. Accordingly, defendants' motion to dismiss (Docket #92) will be granted and this case will be dismissed.

      Further, the Court concludes that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion to dismiss, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114

F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

        A judgment consistent with this Opinion will issue.


Dated:  April 28, 2009                    /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE